**Filipski v New York State Div. of Hous. & Community Renewal**

2026 NY Slip Op 30799(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 161892/2024

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. DAVID B. COHEN**                                     **PART**                                    **58**

                                                                    *Justice*

----------------------------------------------------------------------X

SCOTT FILIPSKI,                                                                     **INDEX NO.**              161892/2024

                                                Petitioner,                          **MOTION DATE**          12/18/2024

                            - v -                                                   **MOTION SEQ. NO.**          001

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL, THE FORTUNA CRX, INC.                       **DECISION + JUDGMENT**

                                                Respondents.

----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                      ARTICLE 78 (BODY OR OFFICER)                    .

In this proceeding pursuant to CPLR Article 78, petitioner seeks to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), issued upon a Petition for Administrative Review (PAR), which affirmed an order of the Rent Administrator finding that the subject apartment was lawfully deregulated in 2010 following a vacancy and the application of a rent increase based upon claimed individual apartment improvements (IAIs). Respondent DHCR opposes, respondent the Fortuna CRX, INC. was never served (NYSCEF 8).

Petitioner contends that DHCR acted arbitrarily and capriciously in concluding that the owner sufficiently documented the claimed IAIs and in determining that petitioner failed to establish a colorable claim of fraud warranting examination of the rental history beyond the four-year base date.

The record reflects that petitioner filed a rent overcharge complaint with DHCR in August 2023 (NYSCEF 19). The owner responded that the apartment had been deregulated in

**161892/2024   FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL ET AL
Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

2010 after the prior rent-stabilized tenant vacated and that the legal regulated rent exceeded the then-applicable $2,000 high-rent vacancy deregulation threshold as a result of vacancy increases and IAIs performed in 2009. In support of the claimed IAIs, the owner submitted a contractor affidavit, a signed proposal detailing the scope of renovation work, and receipts reflecting installment payments totaling $106,207.50 (NYSCEF 23).

By order dated April 26, 2024, the Rent Administrator determined that petitioner had not established a colorable claim of fraud, declined to examine the rental history prior to the four-year base date, and concluded that the apartment had been lawfully deregulated in 2010 (NYSCEF 19). Petitioner thereafter appealed and filed a PAR, which upon review was denied by the Deputy Commissioner. In the PAR order, DHCR concluded that the documentation submitted by the owner satisfied the requirements of Policy Statement 90-10, the guidelines in place at the time of deregulation, and that petitioner's allegations did not demonstrate a fraudulent deregulation scheme (NYSCEF 18). Petitioner now seeks judicial review of that determination.

I.      DISCUSSION

Party Contentions

Petitioner contends that DHCR's determination was arbitrary and capricious because it failed to meaningfully address discrepancies between the scope of work described in the owner's submission and the current condition of the apartment. Specifically, petitioner asserts that the apartment did/does not contain hardwood flooring throughout, contains tile flooring in the kitchen, dining/living room, and bathroom that was not replaced, lacks exposed brick walls, stainless steel appliances, recessed lighting, and Kohler fixtures, and therefore could not have undergone renovations costing $106,207.50 as claimed. Petitioner argues that DHCR's

161892/2024   FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND                    Page 2 of 6
COMMUNITY RENEWAL ET AL
Motion No.  001

2 of 6

determination was conclusory in that it did not explain how these alleged omissions were reconciled with the contractor's affidavit and proposal.

Petitioner further contends that, although Policy Statement 90-10 does not mandate particular forms of documentation in every case, the documentation submitted here was insufficient because it was not specifically connected to petitioner's apartment. According to petitioner, in the absence of canceled checks, itemized invoices, photographs, work logs, or DOB filings tied to the subject unit, DHCR could not rationally conclude that the claimed IAIs were substantiated. Petitioner maintains that these alleged deficiencies constituted indicia of fraud sufficient to require DHCR to examine the rental history beyond the four-year base date.

Respondent contends that DHCR's determination was rational and supported by the administrative record. It argues that the owner properly documented the claimed IAIs by submitting a sworn contractor affidavit, a signed proposal detailing the scope of renovation work, and contemporaneous receipts reflecting three payments totaling $106,207.50. Respondent maintains that Policy Statement 90-10 requires adequate documentation in at least one of several enumerated forms, and that the documentation submitted satisfied that standard.

Respondent further argues that petitioner's assertions regarding the current condition of the apartment constitute disagreements over the weight and credibility of the evidence rather than proof of a fraudulent deregulation scheme. According to DHCR, it expressly considered and rejected petitioner's fraud allegations and reasonably concluded that they did not warrant examination of the rental history beyond the four-year base date.

In reply, petitioner reiterates that the documentation was facially insufficient and argues that DHCR failed to explain how the claimed renovations could have occurred in light of the

161892/2024 FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND Page 3 of 6
COMMUNITY RENEWAL ET AL
Motion No. 001

[* 3]

3 of 6

apartment's present condition. Petitioner maintains that DHCR's acceptance of the owner's submissions without additional documentary support was irrational.

Standard of Review

In a proceeding pursuant to CPLR Article 78 challenging an administrative determination, it is a well-established standard that judicial review is "limited to whether such determination was arbitrary or capricious or without a rational basis in the administrative record" (*Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 429 [1st Dept 2007], *affd* 11 NY3d 859 [2008]; CPLR 7803[3]). A determination is arbitrary and capricious only if it is without sound basis in reason or taken without regard to the facts (*id.* at 429). Judicial review is confined to the grounds invoked by the agency, and the Court may not affirm on a basis not articulated by DHCR, nor may it substitute its judgment for that of the agency, even if a different conclusion could have been reached (*Wadsworth Assoc. LLC v New York State Div. of Hous. & Community Renewal*, 242 AD3d 539, 540–541 [1st Dept 2025]). Thus, the inquiry is not whether the Court would have reached the same conclusion in the first instance, but whether the determination has a rational basis in the administrative record (*id.* at 540). "[O]nce it has been determined that an agency's conclusion has a sound basis in reason . . . the judicial function is at an end" (*Matter of Partnership* 46 AD3d at 429).

Pursuant to Rent Stabilization Law § 26-516(a), rental history prior to the four-year period preceding the filing of the complaint may not be examined absent substantial indicia of fraud. With respect to allegations of fraud, "[g]enerally, an increase in the rent alone will not be sufficient to establish a 'colorable claim of fraud,' and a mere allegation of fraud alone, without more, will not be sufficient to require DHCR to inquire further. What is required is evidence of a

161892/2024  FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL
Motion No.  001

Page 4 of 6

4 of 6

landlord's fraudulent deregulation scheme to remove an apartment from the protections of rent stabilization" (*Matter of Grimm v State Div. of Hous. & Community Renewal Off. of Rent Admin.*, 15 NY3d 358, 367 [2010]).

Analysis

Policy Statement 90-10, a DHCR administrative guidance document in effect at the time of the alleged 2009 improvements which governed documentation requirements for rent increases based upon IAIs under the Rent Stabilization Law and Code, provides that claimed improvement costs must be supported by adequate documentation, which "should include at least one of the following" categories of proof: canceled checks, an invoice marked paid in full, a signed contract, or a contractor's affidavit. The administrative record reflects that the owner submitted: (1) a sworn contractor affidavit detailing the scope and timing of the work and stating that it was completed and paid in full; (2) a signed proposal reflecting the total contract price; and (3) receipts reflecting installment payments totaling $106,207.50. In the PAR order, the Commissioner expressly acknowledged that canceled checks were not provided but determined that the submitted documentation satisfied the requirements of Policy Statement 90-10 and supported the claimed rent increase.

Under the deferential standard applicable in this Article 78 proceeding, the Court may not reweigh the evidence or impose additional documentation requirements not mandated by the governing policy. Because Policy Statement 90-10 permits proof in the form of a contractor affidavit and signed contract, and such documentation was submitted here, the Court cannot conclude that DHCR acted irrationally in determining that the owner met its burden.

The Commissioner also addressed petitioner's contention that the IAI documentation was fraudulent and that DHCR was therefore required to look beyond the four-year base date to

161892/2024  FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL
Motion No. 001

Page 5 of 6

5 of 6

[* 5]

examine the prior rental history and determine whether the 2010 deregulation rendered the base-date rent unreliable.  The Commissioner determined that petitioner's submissions — including alleged discrepancies between the scope of work described in the proposal and the apartment's present condition — did not constitute substantial indicia of a fraudulent deregulation scheme but instead raised challenges to the sufficiency and credibility of the owner's proof.  The record reflects that DHCR considered those allegations and articulated a rational basis for rejecting them.  Such disputes over evidentiary weight do not compel further inquiry under *Grimm*.

Accordingly, the Court finds that DHCR identified the correct legal standard, applied the governing policy statement, considered the parties' submissions, and articulated a rational basis for its determination.  The petition is denied, and the proceeding is dismissed.

II.        CONCLUSION

Accordingly, it is hereby

ORERED and ADJUDGED that the petition is denied and the proceeding is dismissed.

2026030913170DCOHEN320BBA48051D46DDBE24A52F5DD1B

__3/9/2026__
**DATE**

_____
**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161892/2024   FILIPSKI, SCOTT vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL ET AL**
**Motion No.  001**

**Page 6 of 6**

6 of 6

[* 6]